# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SADIE SPRATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-299-D |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant Commissioner issued a final decision that Sadie Spratt (Plaintiff) is no longer disabled under the Social Security Act, and she seeks judicial review pursuant to 42 U.S.C. § 405(g). United States District Judge Timothy D. DeGiusti referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the Commissioner's decision be affirmed.

I. **Administrative proceedings.**

In February 2005, the Commissioner found that Plaintiff's severe anxiety and depression met or equaled Listings 12.04 and 12.06,[1] and she was entitled to disability insurance benefits from October 1998 forward. AR 9, 11. In October 2010, Plaintiff's case was reexamined, *id.* at 69, and she was notified in March 2011 that her benefits would cease based on her improved health. *Id.* at 71-72. At her request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 6-23. In his June 2012 decision, the ALJ found that Plaintiff has experienced medical improvement and since March 2011, is not disabled. *Id.* at 9, 17. The Appeals Council declined Plaintiff's request for review, *id.* at 1-4, and Plaintiff seeks review in this Court. Doc. 1.

II. **Disability determination.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Initially, the Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52

---

[1] "The Listing of Impairments describes, for each of the major body systems, impairments that are considered severe enough to prevent an adult from doing any gainful activity." 20 C.F.R. § 404.1525(a).

(10th Cir. 1988) (describing five steps in detail). If a claimant is found disabled, the Commissioner is required to periodically review her case to determine "whether there has been any medical improvement in the claimant's condition and whether that improvement affects [her] ability to work." *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999) (citing 20 C.F.R. § 404.1594).

Under this review, the Commissioner bears the burden of producing substantial evidence that the claimant has experienced medical improvement such that she is able to engage in substantial activity. *See id.* (citing 42 U.S.C. § 423(f)). "Medical improvement" is defined as "any decrease in the medical severity of [the] impairment(s) which [were] present at the time of the most recent favorable medical decision that [the claimant was] disabled . . . ." *Id.* (citing 20 C.F.R. § 404.1594(b)(1)). "A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the] impairments." *Id.* (citing 20 C.F.R. § 404.1594(b)(1)).

### III. Analysis.

Plaintiff alleges that the ALJ failed to: (1) compare Plaintiff's most recent favorable medical decision, or "comparison point decision" (CPD) with the current evidence; (2) compare Plaintiff's residual functional capacity

3

(RFC)[2] from the CPD with her current RFC; (3) consider Plaintiff's age and lack of work experience; and (4) consider whether Plaintiff is "not disabled" despite having no medical improvement. Doc. 14, at 10-15. For the reasons below, the undersigned finds that these arguments provide no grounds for reversal.

### A. The ALJ's findings.

The ALJ found that: (1) Plaintiff's CPD is the February 2005 decision granting benefits; (2) at the CPD time frame, Plaintiff's anxiety and depression met Listings 12.04 and 12.06; (3) Plaintiff has not engaged in substantial gainful activity since March 2011; (4) since March 2011, Plaintiff does not suffer from any impairment that meets or equals a Listing of Impairments; and (5) Plaintiff has medically improved since March 2011, and "no longer suffer[s] from a severe mental impairment." AR 11. The ALJ then found that as of March 2011, Plaintiff has severe "degenerative disc disease, and chronic myalgia along with probable fibromyalagia," *id.* at 14, and has the RFC to perform a full range of medium work. *Id.* Finally, the ALJ found that Plaintiff can "perform a significant number of jobs in the national economy," and concluded that Plaintiff's "disability ended as of March 1, 2011." *Id.* at 17.

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

B.  **Standard for review.**

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010).

C.  **Application of the law.**

1.  **Plaintiff's claim that the ALJ failed to compare the medical evidence from the CPD to her current medical evidence.**

To establish "medical improvement," the Commissioner must initially demonstrate that there have been improvements in Plaintiff's "symptoms, signs and/or laboratory findings" since her CPD. 20 C.F.R. § 404.1594(c)(1). Plaintiff complains that the ALJ erred in failing to discuss the CPD evidence, Doc. 14, at 10-11, but the undersigned finds no reversible error.

The CPD evidence is summarized in the record, and the ALJ indicated consideration of this information. AR 77-78, 12. The ALJ also found that Plaintiff's impairments had met Listings 12.04 and 12.06 at her CPD, but do not, as of March 2011, meet or equal a Listing of Impairments. *Id.* at 11. The undersigned finds this determination sufficient to establish "medical improvement." *See Patton v. Massanari*, 20 F. App'x 788, 792 (10th Cir. 2001) ("The ALJ first determined that Mr. Patton's condition had improved since 1992 because it no longer met any medical listing. . . . Given [the post-1995 medical evidence], we conclude that this finding is supported by

substantial evidence." (citations omitted)); *Houston v. Chater*, No. 94-7059, 1995 WL 324503, at *2 (10th Cir. May 31, 1995) (unpublished op.) ("The ALJ determined that claimant's condition had improved because it no longer met any medical listing. . . . The record contains substantial evidence to support that determination." (citations omitted)); 20 C.F.R. § 404.1594(c)(3)(i). Accordingly, the undersigned finds no grounds for reversal in this argument.

### 2. & 3. Plaintiff's challenges to the ALJ's failure to compare her RFC at the CPD with her current RFC, and consider her age and lack of work experience.

Once the ALJ found that Plaintiff has experienced "medical improvement," he needed to determine whether the improvement is related to her ability to work. *See Shepherd*, 184 F.3d at 1201. Plaintiff argues that to do this, the ALJ was required to compare her RFC at her CPD with her current RFC and factor in her current age and lack of work experience. Doc. 14, at 12-14. The undersigned disagrees.

As noted above, Plaintiff's favorable CPD was based on the fact that her severe mental impairments met Listings 12.04 and 12.06. Therefore, "an assessment of [her] residual functional capacity would not have been made." 20 C.F.R. § 404.1594(c)(3)(i). And, because her impairments "no longer meet[] or equal[] the same listing section used to make [the] most recent favorable decision," the regulations dictate that Plaintiff's "medical

6

improvement [is] related to [her] ability to work." *Id.*; *see also Houston*, 1995 WL 324503, at *2 (holding that because claimant's medical condition no longer met the same listing, "the improvement in [his] medical condition is related to his ability to do work-related activities" (citing 20 C.F.R. § 404.1594(c)(3)(i)). Accordingly, the undersigned finds no grounds for reversal in the ALJ's failure to compare RFCs or consider Plaintiff's age and work experience before finding that her medical improvement is related to her ability to work.

### 4. Plaintiff's allegation that the ALJ failed to consider whether she is "not disabled" despite having no medical improvement.

If an ALJ finds that a claimant has *not* experienced "medical improvement," or that such improvement is *not* related to an ability to work, he will consider whether any exceptions nevertheless apply that would end the claimant's disability. 20 C.F.R. § 404.1594(f)(5). Plaintiff argues that no exceptions apply to her, and thus the ALJ erred in finding that her disability should end. Doc. 14, at 14-15. But as discussed above, the ALJ applied the correct legal standards to find that Plaintiff *did* experience medical improvement and, under the applicable regulations, that improvement *does* relate to her ability to work. Therefore, the ALJ did not rely on any exceptions to find that Plaintiff's disability has ended, and Plaintiff's argument is meritless.

**IV.  Recommendation and notice of right to object.**

For the reasons discussed above, the undersigned recommends that the Commissioner's decision be affirmed.

The parties are advised of their right to object to this report and recommendation by the 20th day of February, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The parties are further advised that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 30th day of January, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE