**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

SADIE SPRATT,                                    )
                                                 )
        Plaintiff,                       )
                                                 )
vs.                                              )        Case No. CIV-13-299-D
                                                 )
CAROLYN W. COLVIN, Acting                        )
 Commissioner, Social Security                 )
 Administration                                )
                                                 )
        Defendant.                       )


**ORDER**

Pursuant to 42 U. S. C. § 405(g), Plaintiff brought this action for judicial review of the final

decision of Defendant, Acting Commissioner of the Social Security Administration

("Commissioner"), terminating payment of disability benefits to Plaintiff as of March 1, 2011, upon

the determination that she is no longer disabled within the meaning of the Social Security Act.  The

award of benefits was made by prior decision of the Commissioner on February 24, 2005, for the

onset of disability as of October 15, 1998.  The matter was referred to United States Magistrate

Judge Suzanne Mitchell for proceedings in accordance with 28 U. S. C. § 636(b)(1)(B) and (C).

On January 30, 2013, the Magistrate Judge filed a Report and Recommendation (Report)

[Doc. No. 17] in which she recommended that the Commissioner's decision be affirmed.  Because

Plaintiff timely filed her Objection [Doc. No. 18], the matter is reviewed *de novo.*

This Court's review of the Commissioner's decision is limited, as the Court may not reweigh

the evidence or substitute its judgment for that of the Commissioner, but must determine only if the

correct legal standards were applied and if the decision is supported by substantial evidence in the

record.  *Bowman v. Astrue,* 511 F.3d 1270, 1272 (10th Cir. 2008); *Washington v. Shalala*, 37 F.3d

1437, 1439-40 (10th Cir. 1994).  Substantial evidence is that which a reasonable person might deem

adequate to support the ultimate conclusion.  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record,"

constitutes a mere conclusion, or amounts to no more than a mere scintilla.  *Branum v. Barnhart*,

385 F.3d 1268, 1270 (10th Cir. 2004); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

**Relevant Procedural History**

In conducting a periodic review of Plaintiff's disability award, the Commissioner determined

Plaintiff's benefits should be terminated as of March 1, 2011 based on medical improvement at that

time.  The Commissioner's determination was made by decision of an Administrative Law Judge

(ALJ) dated June 26, 2012.  It is that decision which is currently under review by this Court.

The Magistrate Judge recommended affirming the Commissioner's decision to terminate

benefits.  The Magistrate Judge determined  the ALJ's medical improvement determination was

"sufficient" because: (1) the ALJ "indicated" consideration of the comparison point decision (CPD)

information; and (2) the ALJ "found that Plaintiff's impairments had met Listings 12.04 and 12.06

at her CPD, but do not, as of March 2011, meet or equal a Listing of Impairments."  Report at p. 5

*citing* Administrative Record (R.) at 11.

Plaintiff objects to the Magistrate Judge's recommendation.  She contends the ALJ's medical

improvement determination is not supported by substantial evidence because the CPD evidence is

not in the administrative record.  Plaintiff further contends the CPD evidence was not reviewed or

discussed by the ALJ as required by the applicable regulations.

In this case, the CPD is the 2005 decision of the ALJ finding Plaintiff disabled at step three of the five-step sequential evaluation process[1] because she met Listings 12.04 (Affective Disorders) and 12.06 (Anxiety Related Disorders) of the Listing of Impairments. *See* 20 C.F.R. Pt. 404, Subpt. P., App. I. Neither the 2005 decision nor the medical evidence underlying that decision is included in the current record.

But the record does include a summary of that evidence by the disability hearing officer (DHO) who initially determined Plaintiff's benefits should be terminated based on medical improvement. R. 77-78. In that determination dated June 27, 2011, the DHO summarized both the ALJ's 2005 decision (the CPD) and certain medical evidence supporting that decision. *Id*. In the current decision under review, the ALJ cited the DHO's summary for the limited purpose of finding Plaintiff's mental impairments were previously found to be of sufficient severity to meet the Listing of Impairments. R. 12.

**Discussion**

The Commissioner is required to periodically review cases in which an individual has been awarded disability to determine whether there has been any medical improvement in the individual's condition and whether that improvement affects the individual's ability to work. *See* 42 U.S.C. § 423(f); 20 C.F.R. § 404.1594(a). If substantial evidence demonstrates medical improvement exists, and the individual is able to engage in substantial gainful activity, then the individual's right to continued benefits terminates. *See* 42 U.S.C. § 423(f)(1).[2]

---

[1]The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir.1988) (describing process).

[2]The statute provides in relevant part:

(continued...)

3

An eight-step analytical framework governs the Commissioner's evaluation of whether an individual continues to be entitled to disability benefits. *See* 20 C.F.R. § 404.1594(f)(1)-(8). Of relevance here are the findings made at step two, *i.e.*, whether the individual has an impairment which meets a Listing of Impairments, and step three, *i.e.*, whether there has been medical improvement. *See* 20 C.F.R. § 404.1594(f)(2) and (3). As set forth below, the ALJ's step two finding that Plaintiff's impairments no longer met a listing required the ALJ to proceed to step three to determine the issue of medical improvement. The Court's analysis, therefore, focuses on the medical improvement finding.

The term "medical improvement" is defined by the regulations as follows:

> (1) Medical improvement. Medical improvement is any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s) (see § 404.1528).

20 C.F.R. § 404.1594(b)(1). Medical improvement must be determined by "a comparison of prior and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s)." 20 C.F.R.

_____

[2](...continued)
A recipient of benefits . . . based on the disability of any individual may be determined not to be entitled to such benefits on the basis of a finding that the physical or mental impairment on the basis of which such benefits are provided has ceased . . . only if such finding is supported by—

(1) substantial evidence which demonstrates that—

   (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and

   (B) the individual is now able to engage in substantial gainful activity. . . .

42 U.S.C. § 423(f)(1).

§ 405.1594(c)(1). If, as here, a prior favorable decision was based on meeting the Listing of Impairments, § 405.1594 (c)(3)(i) recognizes that there would have been no assessment of residual functional capacity. Therefore, that subsection provides that if medical improvement has occurred and the severity of the prior impairments no longer meets or equals the same listing section, the medical improvement is deemed to be related to the ability to work. 20 C.F.R. § 405.1594(c)(3)(i). However, the regulation expressly provides that: "We must, of course, also establish that you can currently engage in gainful activity before finding that your disability has ended." *Id.*

As noted, the ALJ's decision cited the DHO's summary of the CPD only for the determination that Plaintiff had, in fact, previously met Listings 12.04 and 12.06.[3] The ALJ's decision is void of any comparison of "prior and current medical evidence." The ALJ could not have conducted such a comparison as the CPD, and the medical evidence underlying the CPD, are clearly not part of the record.

In *Veino v. Barnhart*, 312 F.3d 578 (2d Cir. 2002), the Second Circuit Court of Appeals found reversal was required on facts almost identical to those presented here. In *Veino*, the claimant received disability benefits based on the finding that his mental impairments were of a severity sufficient to meet the Listing of Impairments. The claimant's benefits were later terminated on grounds of medical improvement. A DHO made detailed findings and summarized the CPD in his written decision.

The claimant sought review of the DHO's decision before an ALJ and the ALJ similarly determined that the claimant's medical condition had so improved that he was no longer disabled.

---

[3]The ALJ did not discuss the CPD but cited the hearing officer's summary (Exhibit B4B, R. at 75-85) to support the finding that "a Final Decision was issued wherein the claimant was found to have met the level of severity in Section 12.06 of Appendix I . . . ." R. at 12.

The ALJ cited a consultative examination as evidencing the claimant's improvement. The ALJ

further discounted the claimant's treating physician's opinions. The ALJ noted that in examinations

by the treating physician "the claimant was focused on retaining his Social Security benefits," and

that the treating physician described the claimant as "stable" on his medications and able to

"function on a daily basis." *Id*. at 584. The ALJ also discounted the treating physician's opinion

because he had only been the claimant's treating physician since 1997 (the CPD was made in 1982)

and had no longitudinal view of the claimant's mental condition. *Id*.[4]

As in this case, the record contained "none of the medical evidence with respect to [the

claimant's] impairments as they existed when he was found still to be disabled in 1982." *Id*. at 587.

The court determined that: "[i]n the absence of the early medical records, the administrative record

lacks a foundation for a reasoned assessment of whether there is substantial evidence to support the

Commissioner's finding that [the claimant's] 1997-1998 condition represents an 'improvement.'"

*Id*.

In reaching this conclusion, the court expressly rejected the Commissioner's argument that

the record was adequate "because the 1982 medical evidence was summarized in the Hearing

Officer's decision." *Id.* As the court stated:

> The difficulty with the Commissioner's position is that these decisions are
> not evidence. The ALJ did not cite or include in the record the 1982 medical
> evidence itself but only the DHO's summary; and without any of the 1982 medical
> evidence in the record before us, this Court cannot make a reasoned determination
> as to whether the DHO's summary is accurate or adequate.

---

[4]The ALJ made similar findings in this case. For example, the ALJ noted that the treating physician, Dr. Al-Khouri, indicated claimant was "doing well" and "stable" until her benefits ceased at which time he noted her increased anxiety "'due to difficulty with her disability status.'" R. at 12. And the ALJ repeatedly noted the lack of evidence from the treating physician including the period dating back to the onset of disability. *See, e.g.,* R. at 14 ("Dr. Al-Khouri . . . presented no evidence at all from the period 1998 through 2011.").

*Id. See also Chambers v. Astrue*, No. 6:11-CV-06198 RE, 2012 WL 2836224 at \*3 (D. Or. July 10, 2012) (unpublished op.) (remanding termination of benefits decision where record did not include any medical records of claimant's condition at time of disability determination and finding insufficient the ALJ's "two sentence summary of the CPD medical evidence").

In this case, neither the Commissioner nor the Magistrate Judge addressed the issue of the lack of evidence in the record or the ALJ's failure to compare the prior and current medical evidence. Instead the Commissioner contended, and the Magistrate Judge concluded, that the ALJ's determination that Plaintiff's impairments no longer met or equaled a listing sufficiently demonstrated medical improvement. *See* Commissioner's Brief [Doc. No. 15] at 9-10; Report at 5-6. However, in *Veino*, the court rejected the Commissioner's contention that, pursuant to 20 C.F.R. § 404.1594(c)(3)(i), medical improvement was nonetheless established by the fact that the claimant's severe mental impairments had previously qualified to meet the Listing of Impairments and no longer did. The court held:

> Section 404.1594(c)(3)(I) itself, which follows a section headed "*Determining if medical improvement is related to ability to work*," *id.* § 404.1594(c)(2), presupposes medical improvement. It addresses the proper assessment of a recipient's residual functional capacity and the relationship to a given impairment listing [*i*]*f* medical improvement *has occurred*." 20 C.F.R. § 404.1594(c)(3)(I) (emphasis added). This section does not provide a basis for finding improvement.

*Id.* a 587. Therefore, the court remanded the matter to the Commissioner "for supplementation of the record and for further consideration." *Id.* at 589. *See also Lee v. Astrue*, No. 2:10-cv-03162 KJN, 2012 WL 928741 at \*6 (E.D. Cal. March 19, 2012) (unpublished op.) (finding that 20 C.F.R. § 404.1594(c)(3)(i) "does not direct a finding of 'medical improvement' where the claimant no longer meets a listing" and "does not relieve the Commissioner or an ALJ from the requirement to

conduct the comparison of medical severity and medical evidence otherwise called for in the regulations.").

Relying upon *Veino*, at least one district court within the Tenth Circuit has similarly found legal error where, as here, the ALJ did not state in his decision "how he compared the symptoms, signs and laboratory findings [from the claimant's earlier records] with the later reports." *Osborn v. Barnhart*, No. 03-M-2529, 2004 WL 2091480 at * 2 (D. Colo. Aug. 6, 2004) (unpublished op.). In *Osborn*, "the ALJ indulged in the presumption that the claimant's failure to meet the listing requirement in the year 2000 was the result of some medical improvement in his impairments." *Id.* The court found this presumption constituted legal error because no comparison analysis as required by the regulations occurred. *Id.*[5]

This Court finds the reasoning set forth in *Veino* to be persuasive based on the closely analogous factual circumstances presented. Here, as in *Veino*, the ALJ did not consider any of the CPD evidence except for the summary provided by the DHO. Without the evidence the ALJ did not, and could not have conducted the comparison analysis mandated by the regulations. And, even when the ALJ cited the DHO's summary, the ALJ did not use that summary for a comparison analysis. As in *Veino*, therefore, the record lacks a foundation upon which this Court can make a "reasoned assessment of whether there is substantial evidence to support the Commissioner's finding" that Plaintiff's condition has improved. *Id.* at 587. *See also Byron v. Heckler*, 742 F.2d 1232, 1236 (10th Cir. 1984) ("In order for evidence of improvement to be present, there must also

---

[5]In this regard, the Court further notes that whether a claimant's impairments continue to meet a listing is a determination required at step two of the eight-step sequential evaluation process. If the impairments continue to meet the listing, the right to receive disability benefits continues. If the impairments no longer meet the listing, the Commissioner then determines whether there has been medical improvement. If a finding that the claimant no longer met the requirements for a listing alone demonstrated medical improvement, as found here, step three would be rendered superfluous.

be an evaluation of the medical evidence for the original finding of disability . . . . This failure to apply the correct legal standard is, by itself, sufficient to command reversal in this case.").

For this reason, the two unpublished Tenth Circuit cases relied upon by the Magistrate Judge are inapposite. *See* Report at 5-6 *citing Patton v. Masanari*, 20 Fed. Appx. 788 (10th Cir. 2001) and *Houston v. Chater*, No. 94-7059, 1995 WL 324503 (10th Cir. May 31, 1995) (unpublished op.). In each of those cases, the court determined that substantial evidence supported the finding of medical improvement based on a determination that the claimant no longer met a listing. In both *Patton* and *Houston*, the court cited *Glenn v. Shalala*, 21 F.3d 983 (10th Cir. 1994) as support for this determination. But a review of *Glenn* shows that in that case the termination decision was supported by a considered comparison of the evidence that supported the initial determination that the claimant's impairments were of a severity sufficient to meet a listing and the subsequent evidence that demonstrated she no longer met a listing. *Id.* at 985. The court's finding of medical improvement, therefore, was legally proper and supported by substantial evidence.

The issue presented here – whether a termination decision is legally proper and supported by substantial evidence when the CPD evidence is absent from the record – was not an issue before the Tenth Circuit in *Glenn* or in the two unpublished cases which relied upon *Glenn* and were cited by the Magistrate Judge. Because the Second Circuit in *Veino* addressed the precise issue raised here, the Court finds its reasoning more persuasive.

Accordingly, the Court declines to adopt the Report and Recommendation [Doc. No. 17] and finds the Commissioner's decision to terminate Plaintiff's disability benefits should be, and is hereby, REVERSED AND REMANDED to the Commissioner for supplementation of the record

with, and consideration by the ALJ of, the CPD evidence to include the prior 2005 decision of the

ALJ and the medical records relevant to that decision.

   IT IS SO ORDERED this 20th day of May, 2014.


_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE